EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Mariela Ruiz Camilo<br><br>Peticionaria<br><br>v.<br><br>Trafon Group, Inc.<br><br>Recurrido | Certiorari<br><br>2018 TSPR 88<br><br>200 DPR ____ |

Número del Caso: CC-2017-232

Fecha: 11 de mayo de 2018

Tribunal de Apelaciones:

      Región Judicial de San Juan

Abogada de la parte peticionaria:

      Lcda. Sara Chico Matos

Abogado de la parte recurrida:

      Lcdo. Goodwin Aldarondo Jiménez

Materia: Procedimiento sumario laboral: La moción de enmiendas o determinaciones iniciales o adicionales que contempla la Regla 43.1 de Procedimiento Civil es incompatible con el procedimiento sumario de reclamaciones laborales establecido en la Ley Núm. 2 de 17 de octubre de 1961.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Mariela Ruiz Camilo

    Peticionaria

        v.                     CC-2017-232      Certiorari

Trafon Group, Inc.

    Recurrido

Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo

(Regla 50)

En San Juan, Puerto Rico, a 11 de mayo de 2018.

> Es requisito inherente para la existencia y supervivencia futura de nuestro sistema judicial, que este Tribunal en su misión constitucional de pautar y realizar Justicia, inyecte rapidez a todos los procedimientos ante su consideración haciendo extensivo este enfoque a los tribunales de primera instancia mediante el establecimiento de normas jurisprudenciales claras, precisas y consistentes. Este proceso dinámico decisional e institucional del Tribunal cobra mayor validez tratándose de procedimientos especiales en que los otros poderes constitucionales –legislativo y ejecutivo- en el ejercicio válido de aprobar leyes, han expresado su sentir sobre los asuntos que a su juicio merecen especial atención.
>
> *Díaz v. Hotel Miramar Corp.,* 103 DPR 314 (1975)

Este caso nos presenta la oportunidad de determinar si, a la luz de la aprobación de la Ley Núm. 133-2014, *infra*, el procedimiento post

sentencia provisto por la Regla 43 de Procedimiento Civil de 2009, 32 LPRA Ap. V -la moción de enmiendas o determinaciones iniciales o adicionales- aplica dentro del procedimiento sumario de reclamaciones laborales dispuesto en la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118 *et seq.* (Ley 2). Más aún, procede que nos expresemos sobre si aplica o no la mencionada regla debido a nuestros pronunciamientos en Aguayo Pomales v. R & G Mortg., 169 DPR 36 (2006).

Por considerar que la moción de enmiendas o determinaciones iniciales o adicionales es incompatible con el procedimiento sumario de reclamaciones laborales establecido en la Ley 2, *supra*, contestamos la interrogante en la negativa. Asimismo, nos corresponde dilucidar si el Tribunal de Apelaciones tenía jurisdicción para atender el recurso de apelación presentado por Trafon Group, Inc., en el caso de referencia. Contestamos en la negativa. Así, procede la revocación de la Sentencia emitida por ese foro.

A continuación, reseñamos los hechos que originaron la controversia ante nuestra consideración.

I

La Sra. Mariela Ruiz Camilo (la señora Ruiz Camilo) comenzó a trabajar para la compañía Packers Provision el 14 de marzo de 2007. Más adelante, el 29 de junio de 2009 la empresa Encinal adquirió dicha compañía y continuó operaciones de manera ininterrumpida. Luego de la adquisición, Packers Provision cambió de nombre a Trafon

Group, Inc. (Trafon) y ésta retuvo a la señora Ruiz Camilo en su empleo, por lo que advino en su patrono sucesor.[1] Específicamente, la señora Ruiz Camilo ocupó estos puestos en la compañía: *Accountant*, *Fringe Benefits Clerk*, *Fringe Benefits Technician* y *Fringe Benefits Specialist*. Trafon despidió a la señora Ruiz Camilo el 31 de agosto de 2012 mientras ésta ocupaba el puesto de *Fringe Benefits Specialist* en el Departamento de Recursos Humanos.

Así las cosas, el 19 de marzo de 2013, la señora Ruiz Camilo presentó una querella por despido injustificado al amparo de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, conocida como la Ley de indemnización por despido sin justa causa, 29 LPRA sec. 185a *et seq.* (Ley 80), y en virtud del procedimiento sumario de reclamaciones laborales dispuesto por la Ley 2.

En síntesis, adujo que fue despedida por Trafon el 31 de agosto de 2012 y que dicha empresa no cumplió con lo dispuesto en el Art. 3 de la Ley 80, *supra*, el cual requiere que el patrono retenga a los empleados de mayor antigüedad si se dan unos criterios particulares. Ante esto, reclamó una mesada ascendente a $12,880 más $1,932 por honorarios de abogado, para un total de $14,812.[2]

---

[1] La empresa Trafon Group, Inc., es una corporación organizada al amparo de las leyes del Estado Libre Asociado de Puerto Rico que se dedica a la importación y exportación de alimentos, servicios y soluciones de logística.

[2] *Querella*, Apéndice de la Petición de *certiorari*, pág. 33.

Luego de que Trafon contestara la querella y se celebrara una vista en su fondo, el Tribunal de Primera Instancia emitió una <u>Sentencia el 10 de octubre de 2014</u>, notificada el 14 de octubre de 2014, en la que falló a favor de la señora Ruiz Camilo y condenó a Trafon al pago de $14,812. Más adelante, Trafon presentó una solicitud de determinaciones de hechos adicionales y reconsideración, a lo que la señora Ruiz Camilo se opuso. Así, el foro de instancia dictó una Sentencia Enmendada el 20 de abril de 2015, notificada el 27 de abril de 2015, a los fines de añadir unas determinaciones de hechos, mas no reconsideró la decisión.

Inconforme con la determinación del tribunal de instancia, <u>el 26 de mayo de 2015 Trafon presentó un recurso de apelación</u> en el foro apelativo intermedio. Ante esto, la señora Ruiz Camilo solicitó la desestimación del recurso por falta de jurisdicción. En específico, planteó que el Tribunal de Apelaciones carecía de jurisdicción para atender el caso debido a que éste fue presentado fuera del término de <u>10 días</u> dispuesto en el Art. 5 de la Ley Núm. 133-2014, 32 LPRA sec. 3127 (Ley 133). Así las cosas, el foro apelativo intermedio concedió a Trafon un término para que se expresara sobre la petición de desestimación de la señora Ruiz Camilo. Trafon compareció y expuso que la Ley 133 no aplicaba de manera retroactiva al caso, pues la querella fue presentada antes de que entrara en vigor el mencionado estatuto enmendando la

Ley 2. Asimismo, añadió que el foro de instancia convirtió -de facto- el caso en un procedimiento ordinario.[3]

El 23 de septiembre de 2015, el Tribunal de Apelaciones declaró "no ha lugar" la petición de desestimación de la señora Ruiz Camilo y ésta solicitó reconsideración, pero la misma fue denegada. Esta determinación fue objeto del recurso de *certiorari* CC-2015-0951 presentado ante esta Curia por la señora Ruiz Camilo el 13 de noviembre de 2015 y que denegamos el 5 de febrero de 2016.[4]

Una vez enviado el mandato al Tribunal de Apelaciones, ese foro emitió una Sentencia revocatoria el 28 de febrero de 2017.[5] Dentro del término de <u>20 días</u> dispuesto por la Ley 133, el 27 de marzo de 2017 la señora Ruiz Camilo presentó su recurso de *certiorari* ante esta Curia, en el cual esboza los señalamientos de error siguientes:

> 1. Erró el Tribunal de Apelaciones al no desestimar el recurso apelativo por carecer de jurisdicción.
>
> 2. Erró el Tribunal de Apelaciones al acoger el Recurso de Apelación radicado por la Querellante-Recurrida, pues el foro apelativo carecía de jurisdicción para atenderlo por este haber sido presentado tardíamente.
>
> 3. Erró el Tribunal de Apelaciones al intervenir con la apreciación de la prueba, la adjudicación de credibilidad y las determinaciones de hechos que realizó el Tribunal de Primera Instancia sin que mediara pasión, prejuicio, parcialidad o error manifiesto.

---

[3] *Moción en cumplimiento de orden y en oposición a moción de desestimación*, Apéndice de la Petición de *certiorari*, pág. 187.

[4] Una copia de la notificación de la Resolución se archivó en autos el 10 de febrero de 2016.

[5] Una copia de la notificación de la Sentencia se archivó en autos el 6 de marzo de 2017.

4.   Erró el Tribunal de Apelaciones al determinar que las funciones de la Recurrente y de la Sra. Pérez eran claramente distintas.

5.   Erró el Tribunal de Apelaciones al determinar que no hubo sustitución entre la Recurrente y la Sra. Pérez y que, por ende, la Recurrente no tenía derecho a preferencia de retención en el empleo, aunque tenía mayor antigüedad que la Sra. Pérez.

6.   Erró el Tribunal de Apelaciones al determinar que de la prueba se concluye que la relación entre la Sra. Pérez y su supervisora, la Sra. Fresse, se limitaba al ámbito laboral y que, en las decisiones que tomó la Recurrida "no parece" haber influido la amistad de la Sra. Pérez con su supervisora.

Procedemos a expedir el recurso y disponer de la controversia al amparo de la Regla 50 del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B. Pasemos, pues, a exponer el marco jurídico para resolver el asunto presentado ante nuestra consideración.

II

A.   La Regla 43 de Procedimiento Civil sobre la moción para enmendar determinaciones de hechos o conclusiones de derecho iniciales o para formular determinaciones de hechos o conclusiones de derecho adicionales

La moción que se presenta en virtud de la Regla 43.1 de Procedimiento Civil, 32 LPRA Ap. V, es aquella dirigida a que "el tribunal que dicta una sentencia la corrija mediante enmiendas formulando determinaciones de hecho -a base de la prueba presentada en juicio- o conclusiones de derecho pertinentes al fallo".[6]  Ésta no procede cuando la sentencia se dicta al amparo de las Reglas 10.2 (moción de desestimación) y 10.3 (moción para que se dicte sentencia

---

[6] R. Hernández Colón, Práctica Jurídica de Puerto Rico: derecho procesal civil, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 466.

por las alegaciones) de Procedimiento Civil, 32 LPRA Ap. V,

ni cuando se trata de una resolución.[7] Esta moción la puede

presentar cualquiera de las partes en el pleito, no sólo la

parte perdidosa.[8]

En particular, la Regla 43.1 de Procedimiento Civil,

*supra*, dispone lo siguiente:

> No será necesario solicitar que se consignen determinaciones de hechos a los efectos de una apelación, pero a moción de parte, presentada a más tardar quince (15) días después de haberse archivado en autos copia de la notificación de la sentencia, el tribunal podrá hacer las determinaciones de hechos y conclusiones de derecho iniciales correspondientes, si es que éstas no se hubiesen hecho por ser innecesarias, de acuerdo con la Regla 42.2, o podrá enmendar o hacer determinaciones adicionales y podrá enmendar la sentencia en conformidad. Si una parte interesa presentar una moción de enmiendas o determinaciones iniciales o adicionales, reconsideración o de nuevo juicio, éstas deberán presentarse en un solo escrito y el tribunal resolverá de igual manera. En todo caso, la suficiencia de la prueba para sostener las determinaciones podrá ser suscitada posteriormente aunque la parte que formule la cuestión no las haya objetado en el tribunal inferior, o no haya presentado una moción para enmendarlas, o no haya solicitado sentencia.
>
> La moción de enmiendas o determinaciones iniciales o adicionales se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal. El término para notificar será de cumplimiento estricto. (Énfasis nuestro).

El profesor Rafael Hernández Colón enfatiza que el

derecho a solicitar determinaciones adicionales conforme a

la Regla 43.1 de Procedimiento Civil, *supra*, "no está

---

[7] Hernández Colón, op. cit., pág. 466. Véanse, además: U.S. Fire Ins. v. A.E.E., 151 DPR 962, 969-970 (2000); Roldán v. Lutrón, S.M., Inc., 151 DPR 883, 892-893 (2000).

[8] Hernández Colón, op. cit., pág. 466.

supeditado a una posible apelación y de hecho en una apelación pueden suscitarse planteamientos sobre estos mismos asuntos sin necesidad de que se haya presentado una moción de esta naturaleza ante el tribunal de instancia".[9]

Bajo el esquema de las Reglas de Procedimiento Civil de 1979 resolvimos el caso Aguayo Pomales v. R & G Mortg., 169 DPR 36 (2006), con una controversia similar a la que presenta el pleito de epígrafe.[10] Específicamente, atendimos la siguiente interrogante: ¿Procede que se apliquen las disposiciones de la Regla 43.3 de Procedimiento Civil [de 1979] -sobre mociones de determinaciones de hechos y conclusiones de derecho iniciales o adicionales- luego de dictada una sentencia dentro de un procedimiento de reclamaciones laborales al amparo de la Ley 2? Allí contestamos en la afirmativa, es decir que luego de dictada la sentencia en un procedimiento presentado al amparo de la

---

[9] Hernández Colón, op. cit., pág. 467.

[10] Los hechos del caso giraban en torno a que el tribunal de instancia declaró "ha lugar" una querella por despido injustificado presentada por la Sra. Jemir Aguayo Pomales (peticionaria) al amparo del procedimiento sumario de la Ley 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118 et seq. (Ley 2) en contra de su antiguo patrono, R & G Mortgage Corporation (R & G). El patrono presentó una moción para solicitar determinaciones de hechos y de derecho adicionales, la cual fue denegada por el foro de instancia. Inconforme, R & G presentó un recurso de apelación ante el Tribunal de Apelaciones y la peticionaria solicitó la desestimación del mismo al esbozar que dicho foro no tenía jurisdicción para atender el recurso debido a que fue presentado 50 días luego de notificada la decisión del tribunal de instancia. La peticionaria también argumentó que dentro de un procedimiento sumario al amparo de la Ley 2 no procedía la presentación de una moción para solicitar determinaciones de hechos y de derecho adicionales, por lo que la moción presentada por R & G no tuvo el efecto de interrumpir el término de 30 días para acudir en apelación.
Así las cosas, el foro apelativo intermedio declaró "no ha lugar" la solicitud de desestimación de la peticionaria y entonces ésta acudió ante este Tribunal.

Ley 2 sí aplicaban las disposiciones de la anterior Regla 43.3 de Procedimiento Civil de 1979, 32 LPRA Ap. III.[11]

En aquella ocasión fundamentamos nuestra Opinión conforme a lo dispuesto en la Sección 3 de la propia Ley 2, la cual recoge la norma general de que las Reglas de Procedimiento Civil aplicarán en el procedimiento sumario "en todo aquello que no esté en conflicto con las disposiciones específicas de las mismas o con el carácter sumario del procedimiento". 32 LPRA sec. 3120. Resolvimos, pues, que la moción presentada al amparo de la anterior Regla 43.3 de Procedimiento Civil de 1979, *supra*, en una reclamación laboral conforme a la Ley 2 sí cumplió con los requisitos de especificidad establecidos en Andino v. Topeka, Inc., 142 DPR 933 (1997), por lo que dicha moción efectivamente interrumpió el término para apelar. De esa manera, en aquel momento el Tribunal de Apelaciones sí tenía jurisdicción para atender la apelación y actuó correctamente al denegar la moción de desestimación presentada.

Es importante señalar que para la fecha en que se decidió Aguayo Pomales v. R & G Mortg., supra, pág. 46, la revisión de las sentencias dictadas por el tribunal de instancia en casos presentados al amparo de la Ley 2

---

[11] En Aguayo Pomales v. R & G Mortg., 169 DPR 36, 52 n. 11 (2006), hicimos la aclaración de que esa moción tenía que cumplir con los requisitos dispuestos en la Regla 43.3 de Procedimiento Civil de 1979, 32 LPRA Ap. III, esto es ser presentada dentro del término establecido y con los requisitos de suficiente especificidad conforme a Andino v. Topeka, Inc., 142 DPR 933 (1997).

disponía que éstas serían revisadas conforme al procedimiento ordinario.[12] No obstante, la Ley 2 fue objeto de unas enmiendas sustanciales cuando se aprobó la Ley 133, lo que incide directamente con lo resuelto en el 2006 en Aguayo Pomales v. R & G Mortg, supra.

B. La Ley Núm. 2 de 17 de octubre de 1961 sobre el procedimiento sumario de reclamaciones laborales y su enmienda a través de la Ley Núm. 133-2014

La Ley 2 es un estatuto que provee un procedimiento sumario de reclamaciones laborales para la rápida consideración y adjudicación de las querellas de obreros y empleados contra sus patronos relacionadas con salarios, beneficios y derechos laborales.[13] Debido a su naturaleza y finalidad, estas reclamaciones ameritan ser resueltas con celeridad de forma tal que se pueda implantar la política pública del Estado de proteger el empleo, desalentar el despido sin justa causa y proveer al obrero despedido los medios económicos para su subsistencia mientras consigue un nuevo empleo.[14]

En múltiples ocasiones hemos reafirmado que la naturaleza sumaria que provee la Ley 2 constituye su característica esencial, por lo que tanto las partes como

---

[12] Esto es, dentro del término jurisdiccional de 30 días (contado desde el archivo en autos de copia de la notificación de la sentencia dictada) dispuesto en la anterior Regla 53.1 (c) de Procedimiento Civil de 1979, 32 LPRA Ap. III.

[13] Vizcarrondo Morales v. MVM, Inc., 174 DPR 921, 928 (2008). Véase, además, 32 LPRA sec. 3118.

[14] Aguayo Pomales v. R & G Mortg., supra; Vizcarrondo Morales v. MVM, Inc., supra, pág. 928; Piñero v. A.A.A., 146 DPR 890, 897 (1998).

los tribunales deben respetarla y así no se desvirtúe el carácter especial y sumario del procedimiento.[15]

Así las cosas, en el 2014 la Asamblea Legislativa aprobó la Ley 133 con el propósito de atemperar las disposiciones de la Ley 2 al esquema judicial vigente, específicamente en cuanto a extender el carácter sumario de la Ley 2 a la etapa apelativa y así cumplir el principio rector de proveer al obrero un remedio rápido y eficaz.[16] Con esta Ley 133 se acortaron los términos jurisdiccionales para pedir revisión ante los foros apelativos en casos presentados al amparo de la Ley 2. Véase 32 LPRA secs. 3121 y 3127. Asimismo, la Ley 133 derogó la Sec. 12 de la Ley 2, 32 LPRA ant. sec. 3129, relacionada a que el trámite de revisión de las sentencias sería "conforme al procedimiento ordinario", es decir dentro del término jurisdiccional de 30 días dispuesto en la anterior Regla 53.1 (c) de Procedimiento Civil de 1979, 32 LPRA Ap. III, contado desde el archivo en autos de copia de la notificación de la sentencia emitida.[17]

En particular, el Art. 5 de la Ley 133, 32 LPRA sec. 3127, dispone nuevos términos para revisar las

---

[15] Vizcarrondo Morales v. MVM, Inc., supra, pág. 929; Lucero v. San Juan Star, 159 DPR 494, 505 (2003); Dávila, Rivera v. Antilles Shipping, Inc., 147 DPR 483, 493 (1999).

[16] Exposición de Motivos de la Ley Núm. 133-2014. Véase, además, Medina Nazario v. McNeill Healthcare LLC, 194 DPR 723, 733 (2016).

[17] La Sección 12 de la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA ant. sec. 3129, leía de la manera siguiente:
    Las sentencias dictadas en primera instancia por el Tribunal de Primera Instancia podrán ser apeladas o revisadas por el Tribunal Supremo conforme al procedimiento ordinario.

sentencias emitidas en virtud del procedimiento sumario de la Ley 2. Ese Art. 5 renumeró la Sec. 10 de la Ley 2 como la Sec. 9 y establece que el recurso de apelación para revisar una sentencia del Tribunal de Primera Instancia deberá presentarse ante el Tribunal de Apelaciones en el término jurisdiccional de 10 días, contados a partir de la notificación de la sentencia del foro de instancia. Asimismo, el mencionado artículo expone que el recurso de *certiorari* para revisar la sentencia dictada por el foro apelativo intermedio deberá presentarse ante el Tribunal Supremo en el término jurisdiccional de 20 días, computados a partir de la notificación de la sentencia o resolución del Tribunal de Apelaciones.[18]

La Ley 133 entró en vigor inmediatamente después de su aprobación el 6 de agosto de 2014, según dispone el Art. 8 del mencionado estatuto. Luego de la aprobación y vigencia de la Ley 133, esta Curia ha atendido dos casos medulares relacionados con el procedimiento sumario de reclamaciones laborales según dispuesto en la Ley 2. Éstos son: Medina

---

[18] La Sección 9 de la Ley Núm. 2 de 17 de octubre de 1961, 32 LPRA sec. 3127, lee de la manera siguiente:

> Cualquiera de las partes que se considere perjudicada por la sentencia emitida por el Tribunal de Primera Instancia podrá interponer recurso de apelación ante el Tribunal de Apelaciones, en el término jurisdiccional de diez (10) días, computados a partir de la notificación de la sentencia del Tribunal de Primera Instancia.

> La parte que se considere perjudicada por la sentencia que emita el Tribunal de Apelaciones, podrá acudir mediante auto de Certiorari al Tribunal Supremo de Puerto Rico, en el término jurisdiccional de veinte (20) días, contados a partir de la notificación de la sentencia o resolución del Tribunal de Apelaciones. (Énfasis suplido).

Nazario v. McNeill Healthcare LLC, 194 DPR 723 (2016) y

Patiño Chirino v. Parador Villa Antonio, 196 DPR 439 (2016).

En el primero resolvimos que, debido a la naturaleza sumaria

del procedimiento, las determinaciones interlocutorias

emitidas en pleitos que se ventilen al amparo de la Ley 2

no pueden ser objeto de reconsideración.[19]  En el segundo,

concluimos que, por ser incompatible con el procedimiento

sumario laboral, las sentencias dictadas en un litigio

tramitado en virtud de la Ley 2 tampoco pueden ser objeto

de reconsideración.[20]

C.   La aplicación de los nuevos estatutos

Como norma general, las disposiciones procesales

tienen efecto retroactivo y aplican a casos pendientes,

salvo que la Asamblea Legislativa disponga lo contrario.[21]

De igual manera, los estatutos que versan sobre la

jurisdicción son de interés público, por lo que aplican de

forma retroactiva.[22]

D.   La jurisdicción del Tribunal

En reiteradas ocasiones este Foro ha manifestado que

la jurisdicción es el poder o la autoridad que tiene un

tribunal para considerar y decidir casos o

---

[19] Medina Nazario v. McNeill Healthcare LLC, 194 DPR 723, 725 (2016).

[20] Patiño Chirino v. Parador Villa Antonio, 196 DPR 439, 441 (2016).

[21] Clases A, B y C v. PRTC, 183 DPR 666, 680 (2011); Ortiz v. Fernós López, 104 DPR 851, 852 (1976).

[22] Clases A, B y C v. PRTC, supra, pág. 680; J.R.T. v. A.E.E., 133 DPR 1, 13 (1993).

controversias.[23]   Conforme a ello, en toda situación jurídica que se presente ante un foro adjudicativo, lo primero que se debe considerar es el aspecto jurisdiccional.[24]  Esto debido a que los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción.[25]  De igual manera, corresponde a los foros adjudicativos evaluar la jurisdicción del foro de donde procede el recurso ante su consideración.[26]

Así, hemos reafirmado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo cual los asuntos relacionados con ésta son privilegiados y deben atenderse de manera preferente.[27]  Como es sabido, es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado por éstas, examinar y evaluar con rigurosidad el

---

[23] Yumac Home v. Empresas Massó, 194 DPR 96, 103 (2015). Véanse, además: Mun. de San Sebastián v. QMC Telecom, 190 DPR 652, 660 (2014); Cordero et al. v. ARPe et al., 187 DPR 445, 456 (2012); Shell v. Srio. Hacienda, 187 DPR 109, 122 (2012); Cruz Parrilla v. Depto. Vivienda, 184 DPR 393, 403 (2012); S.L.G. Solá-Moreno v. Bengoa Becerra, 182 DPR 675, 682 (2011).

[24] Horizon v. Jta. Revisora, RA Holdings, 191 DPR 228, 233-234 (2014); Cordero et al. v. ARPe et al., supra, pág. 457; Cruz Parrilla v. Depto. Vivienda, supra, pág. 403.

[25] Cordero et al. v. ARPe et al., supra, pág. 457.

[26] S.L.G. Szendrey-Ramos v. F. Castillo, 169 DPR 873, 883 (2007).

[27] Mun. de San Sebastián v. QMC Telecom, supra, pág. 660. Véanse, también: Horizon v. Jta. Revisora, RA Holdings, supra, pág. 234; Cordero et al. v. ARPe et al., supra, pág. 457.

asunto jurisdiccional, pues éste incide directamente sobre el poder mismo para adjudicar una controversia.[28]

Por definición, un requisito jurisdiccional es aquel que debe cumplirse antes de que el tribunal pueda conocer del pleito.[29] En particular, un término jurisdiccional es fatal, improrrogable e insubsanable, por lo que no puede acortarse ni extenderse.[30] Asimismo, hemos expresado que el incumplimiento de una parte con un término jurisdiccional establecido por ley priva al tribunal de jurisdicción para atender los méritos de la controversia.[31]

Una de las instancias en la que un foro adjudicativo carece de jurisdicción es cuando se presenta un recurso tardío o prematuro, toda vez que éste "adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre".[32] Esto ocurre debido a que su presentación carece de eficacia y no produce ningún efecto jurídico, ya que en ese momento o instante en el tiempo todavía no ha nacido autoridad judicial o administrativa para acogerlo.[33]

---

[28] Shell v. Srio. Hacienda, supra, pág. 123. Véanse, además: Yumac Home v. Empresas Massó, supra, pág. 103; Constructora Estelar v. Aut. Edif. Púb., 183 DPR 1, 22 (2011); Souffront v. A.A.A., 164 DPR 663, 674 (2005).

[29] I. Rivera García, Diccionario de términos jurídicos, 2da ed. rev., Orford, Ed. Equity, 1985, p. 244.

[30] Insular Highway v. A.I.I. Co., 174 DPR 793, 805 (2008); Caro v. Cardona, 158 DPR 592, 608 (2003); Martínez, Inc. v. Abijoe Realty Corp., 151 DPR 1, 7 (2000).

[31] Shell v. Srio. Hacienda, supra, pág. 123.

[32] Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 98 (2008).

[33] Íd.

En estos casos, si se carece de jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia.[34] Esto es, procede la inmediata desestimación del recurso apelativo según lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos.[35]

Conviene señalar que esta Curia tiene la responsabilidad de asegurarse de que nuestro foro apelativo intermedio dispense justicia dentro del espectro de autoridad que se le ha conferido mediante estatuto.[36] Es por ello que, en función de esa tarea, si el Tribunal de Apelaciones asume jurisdicción en un recurso sin tenerla, es nuestro deber declararlo así y desestimar el recurso.[37] Esto, pues claramente los tribunales no tienen discreción para asumir jurisdicción donde no la hay.[38]

## III

La señora Ruiz Camilo argumenta que el Tribunal de Apelaciones erró en su decisión debido a que conforme a la Ley 133 ese foro debía desestimar el recurso de apelación presentado por Trafon. En específico, plantea que el foro

---

[34] Mun. de San Sebastián v. QMC Telecom, supra, pág. 660;

[35] S.L.G. Szendrey-Ramos v. F. Castillo, supra, pág. 883.

[36] Íd.

[37] Íd.

[38] Yumac Home v. Empresas Massó, supra, pág. 103; Mun. de San Sebastián v. QMC Telecom, supra, pág. 660; Shell v. Srio. Hacienda, supra, pág. 123; Souffront v. A.A.A., supra, pág. 674.

apelativo intermedio carecía de jurisdicción para atender el caso por razón de su presentación tardía.

La enmienda a la Ley 2, según introducida por la Ley 133, relativa a los términos de carácter jurisdiccional para presentar recursos ante el Tribunal de Apelaciones y el Tribunal Supremo aplica a este caso, ello aunque la querella fue presentada antes de la aprobación de la Ley 133. Como mencionamos, por regla general, las disposiciones procesales tienen efecto retroactivo a casos pendientes, ello si la Asamblea Legislativa no dispone lo contrario.[39] En este caso la Legislatura no dispuso al respecto.

La querella presentada por la señora Ruiz Camilo se hizo conforme al procedimiento sumario y así se expuso en la alegación número 12 al expresar "[q]ue esta causa de acción sea tramitada según el procedimiento sumario que dispone [la Ley 2]".[40] Una vez que se presenta una querella en virtud del procedimiento sumario de la Ley 2, el tribunal tiene la discreción para decidir si la querella debe seguir el trámite sumario o si debe continuar por la vía ordinaria.[41] Esto significa que mientras el foro de instancia no emita una decisión relativa a que el caso debe continuar por la vía ordinaria, se debe entender que el

---

[39] Clases A, B y C v. PRTC, supra, pág. 680.

[40] Querella, Apéndice de la Petición de certiorari, pág. 33.

[41] Rivera v. Insular Wire Products Corp., 140 DPR 912 (1996).

caso sigue el procedimiento sumario.[42]  Vale mencionar que en el presente caso el tribunal de instancia no dispuso que la querella se atendiera por la vía ordinaria.

Recordemos que en este caso el tribunal de instancia dictó una Sentencia el 10 de octubre de 2014 y fue notificada el 14 de octubre de 2014.  Luego de ello, Trafon presentó una solicitud de determinaciones de hechos adicionales y reconsideración al amparo de la Regla 43 de Procedimiento Civil, *supra*, a lo que la señora Ruiz Camilo se opuso.  No obstante, el foro de instancia dictó una Sentencia Enmendada el 20 de abril de 2015 para añadir unas determinaciones de hechos, pero no reconsideró.

Aquí conviene preguntarnos: ¿Procedía que el tribunal de instancia acogiera la solicitud al amparo de la Regla 43 de Procedimiento Civil, *supra*, presentada por Trafon y en efecto realizara unas determinaciones de hechos adicionales en el caso?

Ante la ausencia de una disposición en la Ley 2 sobre la procedencia de una solicitud al amparo de la Regla 43 de Procedimiento Civil, *supra*, para enmendar determinaciones de hechos o conclusiones de derecho iniciales o para formular determinaciones de hechos o conclusiones de derecho adicionales, procede que nos expresemos sobre el asunto.

---

[42] C. Zeno y V.M. Bermúdez Pérez, <u>Tratado de Derecho del Trabajo</u>, San Juan, Pubs. JTS, T. I, 2003, pág. 316.

De conformidad con la Sección 3 de la Ley 2, las Reglas de Procedimiento Civil aplicarán en los pleitos tramitados en virtud del procedimiento sumario "en todo aquello que no esté en conflicto con las disposiciones específicas de las mismas o con el carácter sumario del procedimiento". 32 LPRA sec. 3120. Mediante la referida Sección 3, la Asamblea Legislativa pretendió asegurar que a través de ningún mecanismo pudiera desvirtuarse la naturaleza sumaria y la rápida resolución que permea todo el procedimiento previsto en la Ley 2.[43]

Como sabemos, existe un principio fundamental de interpretación estatutaria dirigido a que al lenguaje de la ley corresponde brindarle aquel significado que le imprima validez al propósito que tuvo el legislador al momento de aprobarla.[44] De igual manera, al interpretar la ley, los tribunales debemos tomar en consideración los fines que ésta persigue y la política pública que la inspira.[45]

Debido al carácter sumario de los procedimientos tramitados al amparo de la Ley 2, la aplicación del término provisto por la Regla 43.1 de Procedimiento Civil, *supra*, para enmendar determinaciones de hechos o conclusiones de derecho iniciales o para formular determinaciones de hechos

---

[43] Dávila, Rivera v. Antilles Shipping, Inc., supra, págs. 493-494.

[44] IFCO Recycling v. Aut. Desp. Sólidos, 184 DPR 712, 738 (2012). Véase, además, R.E. Bernier y J.A. Cuevas Segarra, Aprobación e interpretación de las leyes en Puerto Rico, 2da ed. rev., San Juan, Pubs. JTS, 1987, pág. 245.

[45] Medina Nazario v. McNeil Healthcare LLC, supra, pág. 735.

o conclusiones de derecho adicionales -esto es, 15 días- sería una anomalía procesal. Si se aplicara dicho término, se estaría concediendo un término mayor -15 días- que el término jurisdiccional concedido por la Ley 133 para presentar recurso de apelación ante el Tribunal de Apelaciones, entiéndase 10 días. Como mencionamos en Medina Nazario v. McNeil Healthcare LLC, *supra*, pág. 736, este proceder atentaría contra la clara intención legislativa de la Ley 2 que busca conceder "un mecanismo procesal, de naturaleza sumaria, para lograr la rápida consideración y adjudicación de las reclamaciones laborales instadas por empleados en contra de sus patronos".[46]

Así, resolvemos que la aplicación de la Regla 43.1 de Procedimiento Civil, *supra*, para enmendar determinaciones de hechos o conclusiones de derecho iniciales o para formular determinaciones de hechos o conclusiones de derecho adicionales en procedimientos tramitados al amparo de la Ley 2 es contraria a la naturaleza sumaria del procedimiento laboral. Claramente, esta interpretación coincide con el objetivo principal de la Ley 2 de que las reclamaciones laborales se litiguen con celeridad.

La Sentencia original del 10 de octubre de 2014 fue notificada el 14 de octubre de 2014 y esta última fecha constituye el punto de partida para contar el término jurisdiccional de 10 días dispuesto en la Ley 133 para presentar el recurso de apelación ante el foro apelativo

---

[46] Exposición de Motivos de la Ley Núm. 133-2014.

intermedio. Por lo tanto, Trafon debió presentar su recurso de apelación ante el Tribunal de Apelaciones en o antes del 24 de octubre de 2014, mas no lo hizo y finalmente lo presentó el 26 de mayo de 2015. En consecuencia, el Tribunal de Apelaciones carecía de jurisdicción para atender el recurso interpuesto por Trafon.

IV

Por todo lo anterior, expedimos el auto de *certiorari* solicitado sin trámite ulterior de conformidad con la Regla 50 del Reglamento de este Tribunal, *supra*, revocamos la Sentencia emitida por el Tribunal de Apelaciones por haberse dictado sin jurisdicción, y reinstalamos la Sentencia original emitida por el Tribunal de Primera Instancia el 10 de octubre de 2014.

Se dictará sentencia de conformidad.

Erick V. Kolthoff Caraballo
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Mariela Ruiz Camilo

    Peticionaria

        v.                   CC-2017-232      Certiorari

Trafon Group, Inc.

    Recurrido

SENTENCIA

En San Juan, Puerto Rico, a 11 de mayo de 2018.

Por los fundamentos expuestos en la Opinión que antecede la cual se hace formar parte íntegra de la presente, expedimos el auto de *certiorari* solicitado sin trámite ulterior de conformidad con la Regla 50 del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B, revocamos la Sentencia emitida por el Tribunal de Apelaciones por haberse dictado sin jurisdicción, y reinstalamos la Sentencia original emitida por el Tribunal de Primera Instancia el 10 de octubre de 2014.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez y la Juez Presidenta Interina señora Rodríguez Rodríguez no intervinieron.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo